IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEP 2 1 2006

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

In Re:

**ARVIND PATEL, M.D.,**

                              **Debtor.**

**Case No. 06 C 2834**

**VIJAY PATEL,**

                              **Plaintiff,**

**Hon. Harry D. Leinenweber**

          **v.**

**ARVIND PATEL,**

                              **Defendant.**

## MEMORANDUM OPINION AND ORDER

Debtor/Defendant Arvind Patel (hereafter, "Arvind") filed Chapter 7 bankruptcy on March 29, 2004. Plaintiff Vijay Patel (hereafter, "Vijay") has filed a complaint requesting a finding of nondischargeability of Arvind's debt to Vijay under 11 U.S.C. § 523(a)(4) for alleged willful and malicious conduct.

Before this Court is Vijay's Motion for Leave to Appeal from an interlocutory order entered by the United States Bankruptcy Court for the Northern District of Illinois Eastern Division. The order at issue denied Vijay's motion for summary judgment.

### I.  BACKGROUND

In 1990, Vijay, Arvind, Arvind's wife, Varsha Patel, (hereinafter, "Varsha"), and Prashant Kothari (hereinafter,

"Kothari") formed a corporation to purchase and develop a particular piece of property for the purpose of installing billboards. Although the corporation was properly incorporated and Vijay, Arvind, Varsha, and Kothari each owned 25% of the outstanding shares, Arvind, Varsha, and Kothari took control of the corporation and began to freeze Vijay out of his share of the profits, conceal information from Vijay, and make decisions which negatively affected the development of the land and the corporation's ability to pay its debts. Eventually, the corporation sued Vijay in a Georgia court for failing to pay an (improper) demand for further capital and obtained a judgment against Vijay. To defend against Vijay's counterclaim for his share of the corporation's lost profits, Arvind, Varsha, and Kothari concealed a lucrative agreement to sell some of the land. The Georgia court entered judgment against Vijay for the demand amount and against the corporation for Vijay's share of the corporation's lost profits, but the judgment against the corporation was reversed on appeal because the lost profits were ruled to be too speculative.

After discovering the sale agreement for the land (and having received none of the profits therefrom), Vijay convinced a Georgia court to set aside the first court's judgment as having been procured by fraud. Additionally, Vijay filed an action alleging shareholder oppression and fraud. A jury found Arvind, Varsha, and

- 2 -

Kothari liable to Vijay and awarded compensatory damages for the value of Vijay's interest in the corporation and expenses in litigation. Additionally, the jury awarded Vijay punitive damages of \$750,000 against Arvind, \$350,000 against Kothari, and \$100,000 against Varsha.

Later, when Arvind filed bankruptcy in Illinois, Vijay brought this adversary case requesting a finding that Arvind's debt to him was nondischargeable due to Arvind's actual fraud and/or Arvind's willful and malicious conduct.   In due course, Vijay brought a motion for summary judgment on the basis that the Georgia jury verdict collaterally estopped Arvind from contesting the facts necessary to the jury's verdict, namely, that Arvind had committed actual fraud and had acted willfully and maliciously.   This motion was denied, and Vijay brings this motion for leave to appeal the order.

## II.   **LEGAL STANDARD**

28  U.S.C.  § 158(a)  permits  district  courts  to  hear interlocutory appeals of bankruptcy court orders in the courts' discretion. District courts in the Seventh Circuit apply the test set forth in 28 U.S.C. § 1292(b) governing interlocutory appeals from the district court to a court of appeals to determine whether to grant leave to appeal an interlocutory bankruptcy court order. *In re Glenn*, 2006 WL 2252529 (N.D. Ill., 2006); *In re Kmart Corp*, 2004 WL 2222265 (N.D. Ill., 2004).   Thus, an interlocutory appeal

- 3 -

is allowed when it (1) presents a controlling question of law, (2) concerning which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the lawsuit.    28 U.S.C. § 1292(b); *In re Ford Motor Co., Bridgestone/Firestone North American Tire, LLC,* 344 F.3d 648, 653 (7th Cir. 2003).   Leave to appeal an interlocutory order is granted only in exceptional circumstances.    *Glenn,* 2006 WL 2252529 at *1.   Vijay has both failed to provide and to address this standard in his motion; regardless, the Court finds that he has not met the standard.

### III.   **DISCUSSION**

Vijay is unable to demonstrate that this interlocutory appeal presents a controlling question of law or that an immediate appeal would materially advance the ultimate termination of this suit.

Generally, courts within the Seventh Circuit have found summary judgment orders to be interlocutory orders that are not appealable.    *See Ahrenholz v. Bd. of Trustees of the Univ. of Illinois,* 219 F.3d 674, 676 (7th Cir. 2000).   *Ahrenholz,* a case involving an interlocutory appeal of a district court order to the Seventh Circuit (the same standard used here), defined the phrase "question of law" as "the meaning of a statutory or constitutional provision, regulation, or common law doctrine" and as a "'pure' question of law rather than merely an issue that might be free from a factual contest."    *Id.* at 676-77.   In *Gierum v. Kontrick,* 2002

- 4 -

Case 1:06-cv-02834  Document 13  Filed 09/21/06  Page 5 of 7

U.S. Dist. LEXIS 25018 (N.D. Ill.), the District Court invoked this standard in determining whether to grant a motion to appeal a denial of a motion to dismiss a complaint. There, the court denied the motion to appeal because the appellants' motion raised factual issues and "merely quibble[d] with [the] . . . application of the common law elements for laches." Id. at *9.

In this case, Vijay presents three questions for appeal, all relating to whether the Bankruptcy Court properly ruled that the previous Georgia judgment did not have collateral estoppel effect on the Bankruptcy trial: (1) whether the Bankruptcy Court erred in refusing to grant collateral estoppel to the judgment entered against Arvind for actual fraud because it could not determine whether the issue of fraud was actually litigated; (2) whether the Bankruptcy Court mistakenly perceived an inability to determine which of the three defendants in the Georgia case was held responsible for the misconduct that would raise to the level of malicious conduct; and (3) whether the Bankruptcy Court mistakenly perceived an inability to determine whether the jury determined specifically that Arvind's conduct rose to the level of "willful and malicious." The second two questions presented by Vijay clearly do not present "question[s] of law," as they ask this Court to re-examine the verdict forms before the Georgia jury and consider the various burdens of proof governing those verdicts. This Court is thus asked to review the Bankruptcy Court's

- 5 -

interpretation of the facts before it, not the legal standards or rules that it applied.  Especially telling is the fact that the appellant makes no attempt to suggest that any legal authority would necessitate a different finding.  *Cf. In re OBT Partners*, 218 B.R. 418 (N.D. Ill. 1998)(appellant provided no legal authority supporting supposed "difference of opinion" as to legal issue).

The first question presented comes closest to presenting a question of law, but this question is necessarily mixed with one of fact, as demonstrated by Vijay's own brief:  "Had the Bankruptcy Court properly analyzed the issue collateral estoppel there are two simple ways that its Court would have known that fraud was actually tried and that all sufficient facts for a finding of fraud were actually proved in the Georgia court. . . . [f]irst the Court's concern over whether fraud was actually tried could have been resolved from the face of the documents before the Court."   As such, the question of whether the Bankruptcy Court utilized the proper test for determining whether collateral estoppel applied necessarily requires this Court to examine the facts before the Bankruptcy Court.  Again, this Court would have to re-examine the jury's verdict and re-interpret what the jury must necessarily have found to have arrived at it.  As such, this question likewise does not present a pure question of law.

Even if Vijay did present a question of law for review, Vijay cannot meet the last element of the test:  that an immediate appeal

will materially advance the ultimate termination of this case. If leave to appeal were granted, Vijay would "have to meet the high standard of establishing that the Bankruptcy Court abused its discretion when refusing to grant summary judgment . . . since it is unlikely that [appellant] will meet that standard, an appeal is unlikely to advance the termination of this litigation." *Trustee of Jartran, Inc. v. Winston & Strawn*, 208 B.R. 898 (N.D. Ill. 1997). Even if the Court were to grant summary judgment, this decision would likewise be appealed, again delaying ultimate resolution of this case. *Id.* As such, Vijay can meet neither the first nor third § 1292(b) requirements and leave to appeal is therefore denied.

## IV.   CONCLUSION

For the reasons stated herein, the Court denies Vijay's motion for Leave to Appeal the interlocutory order of the Bankruptcy Court. This appeal is dismissed.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: September 21 2006

- 7 -